IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-MJ-1133-WW

UNITED STATES OF AMERICA            )
                                    )
        v.                          )       **ORDER OF DETENTION PENDING**
                                    )                **TRIAL**
HILARIA RODRIGUEZ,                  )
                                    )
        Defendant.                  )

This case came before the court today for hearing on the government's motion, pursuant to

18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony

of an officer from the Rocky Mount Police Department on a DEA task force, and defendant the

testimony of the proposed third-party custodians, defendant's sister and mother. The court also

reviewed the pretrial services report, the memorandum filed by defendant (D.E. 8), the affidavit

supporting the criminal complaint (which both parties addressed at the hearing), and the criminal

history of defendant's sister (which was also made available to the parties). After careful

consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted,

and based on the findings and reasons stated below and in open court, the court finds by a

preponderance of the evidence that there is no condition or combination of conditions that will

reasonably assure defendant's appearance as required, and by clear and convincing evidence that

there is no condition or combination of conditions that will reasonably assure the safety of any other

person and the community before trial. The government's motion is therefore GRANTED.

---

[1] The case had also been set for a preliminary hearing, but defendant waived it (*see* D.E. 12).

## Background

Defendant was charged by criminal complaint on 15 February 2011 with conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine on or about 9 February 2011 in violation of 21 U.S.C. § 846. In support of the charges, the government's witness testified that a confidential informant ("CI") called defendant on the alleged offense date regarding arrangements for paying for cocaine she had previously provided him and acquiring additional cocaine from her. Defendant agreed to arrangements for payment and to provide the CI an additional kilogram of cocaine. She directed him to come to her home for the transactions.

In subsequent statements to police, defendant said that her boyfriend, not she, was a drug dealer, but that she had helped translate for him to facilitate his drug deals. She denied herself providing the CI any cocaine in connection with the 9 February 2011 transactions. The CI told police that he had conducted multiple drug deals with defendant over the course of as long as two years.

A consensual search of defendant's home located a loaded semi-automatic pistol in one of the bedrooms. Defendant stated to authorities that her boyfriend had obtained the gun to collect money that was owed him for drugs. The police also found a letter by defendant, written on one side in English and on the other in Spanish, in which she identified a man who owed her money for drug sales and stated that if anything happened to her this man was the likely perpetrator. The search also produced three sets of scales with apparent cocaine residue.

The father of defendant's four children is a fugitive on drug charges. According to defendant, he has returned to Mexico.

**Discussion**

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case; the drug-related nature of the offense charged; the circumstances of the offense charged, including the volume of drugs involved, the recency of the alleged offense, and defendant's dealing drugs out of her own home; the potential prison term defendant faces if convicted; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, the prior use of the custodial home (*i.e.*, defendant's residence) for drug dealing, the location of the proposed custodial home in the same community in which defendant engaged in drug dealing, the work schedule of defendant's sister, the sister's lack of candor in testifying about who resides in defendant's home, and the inability of defendant's mother to speak English (which would impair her ability to monitor and supervise defendant, who apparently speaks both English and Spanish); and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, the fact that defendant does not have a significant criminal record is largely offset by the nature, duration, and magnitude of the charged offense conduct. In addition, although defendant has numerous family members in the local area, the potential prison term she faces provides her a strong incentive to flee. It is also relevant to flight that the father of her children, with whom she had a 16-year relationship, is a fugitive and purportedly located in Mexico.

3

The court notes that it has not considered the date set forth in the pretrial services report (at page 2) for her entrance into the United States because defendant disputes it and it is not material to the court's determination of the motion.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 23rd day of February 2011.

James E. Gates
United States Magistrate Judge

4