UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CR-58-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| HILARIA RODRIGUEZ | |

This matter is before the court on defendant's motions for compassionate release. (DE ## 130, 135.)

In 2011, defendant pled guilty to (1) conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base, 5 kilograms or more of cocaine, and a quantity of marijuana and (2) distribution of 500 grams or more of cocaine. She proceeded to jury trial on the offense of possessing a firearm in furtherance of a drug trafficking crime and was convicted. The court sentenced her to 151 months imprisonment on the controlled substance offenses and 60 months imprisonment, to run consecutively, on the firearm offense, for a total term of 211 months imprisonment. The court also imposed a five-year term of supervised release. Defendant appealed, and the Fourth Circuit Court of Appeals affirmed. In 2016, defendant's sentence on the controlled substance offenses was reduced to 121 months based on her guideline range being lowered by a retroactive sentencing guideline amendment.

In March 2021, defendant filed *pro se* a motion for compassionate release. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent her for purposes of such a motion. (DE # 131.) Appointed counsel filed a combined motion for compassionate release and memorandum with supporting exhibits. (DE ## 135-1, 135-2,

136.) The government filed a response in opposition, (DE # 139), and, in response to the court's order, filed defendant's sentence computation and inmate discipline data, (DE # 134). Defendant filed a reply. (DE # 140.)

Defendant seeks a reduction in her sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons[ ("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute.[2] United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling

---
[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).
[2] The policy statement contained in U.S.S.G. § 1B1.13 "addresses only BOP-filed motions." United States v. High, 997 F.3d 181, 186 (2021). Nonetheless, it "'remains helpful guidance even when motions are filed by defendants.'" Id. (quoting McCoy, 981 F.3d at 282 n.7). Relevant here, "[w]ith respect to medical conditions, [extraordinary and compelling] reasons include that 'the defendant is suffering from a terminal illness' or 'the defendant is . . . suffering from a serious physical or medical condition.'" Id. (quoting U.S.S.G. § 1B1.13 cmt. 1(A)(i), (ii)) (alterations omitted).

reason for release that a defendant might raise.'" Id. at 284 (citation omitted) (emphasis added).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner."

United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

Here, the government acknowledges that defendant submitted a request for compassionate release to the BOP, (Resp., DE # 139, at 5), and does not dispute that defendant has satisfied § 3582(c)(1)(A)'s threshold requirement. See United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021) ("[T]he threshold requirement in § 3582(c)(1)(A) is non-jurisdictional and satisfied if a defendant requests the [BOP] to bring a motion on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision *or* waits 30 days from the date of their initial request to file a motion in the district court."). Therefore, the court will consider the merits of defendant's motions.

Defendant requests that the court reduce her sentence based on her medical conditions which increase her risk of severe illness from COVID-19, particularly within the correctional setting. (See Mot., DE # 135, at 4-7.) She argues the § 3353(a) factors weigh in favor a time-served sentence. (See id. at 7-9.) The government concedes that "Defendant has established 'extraordinary and compelling' circumstances based upon her health conditions under COVID-19." (Resp., DE # 139, at 1.) Nonetheless, it urges the court to deny the motion based on the nature and circumstances of the instant offenses, the efforts the BOP is undertaking to protect

3

inmates from COVID-19 and its ability to manage defendant's medical conditions at the facility, the Immigration and Customs Enforcement ("ICE") detainer against defendant, and her release plan.  (See id. at 20-25.)

The court agrees with the parties that defendant has shown extraordinary and compelling reasons warranting a sentence reduction.  Defendant is obese and has been diagnosed with, and treated with medication for, hypertension and depression.  The Centers for Disease Control and Prevention ("CDC") identifies these conditions as placing a person at higher risk of severe illness from COVID-19.  See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 24, 2022).  According to defendant, she also suffers from hyperlipidemia and severe arthritis.  (Mot., DE # 135, at 2; Reply, DE # 140, at 1 n.1.)  "A person's risk of severe illness from COVID-19 increases as the number of underlying medical conditions they have increases."  CDC, People with Certain Medical Conditions.  Defendant's health combined with the COVID-19 pandemic and her incarceration constitute extraordinary and compelling reasons to support a sentence reduction.  See High, 997 F.3d at 185 ("COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal.").

The court thus considers information bearing on the applicable § 3353(a) factors. Defendant is 44 years old.  Prior to the instant offenses, she had no criminal convictions.  (See PSR, DE # 62, ¶ 17.)  Although the crimes she committed here are very serious, during some of the relevant time period, defendant was in abusive relationships with men who also engaged with her in the distribution of drugs.  (See id. ¶¶ 7-8, 12, 21; 12/6/11 Tr., DE # 80, at 73-74.)  She

4

has been incarcerated 11 years and served about 80% of her sentence, with good time credit. (See Resp., Ex. 1, DE # 134-1, at 2-3.) While incarcerated, she has completed programming, including taking courses towards obtaining a GED, and worked. (Reply, Ex. 1, DE # 140-1.) She has committed no prohibited acts. (Resp., Ex. 2, DE # 134-2.)

ICE has lodged a detainer against defendant. (See Resp., Ex. 1, DE # 134-1, at 4.) Assuming defendant would be transferred to ICE custody upon completion of her sentence does not necessarily mean that she would be detained pending any removal proceedings or that she would ultimately be deported. See ICE Guidance on COVID-19, Frequently Asked Questions (recognizing that ICE is making custody determinations for new arrestees by evaluating them based on the CDC's guidance for persons at higher risk of severe illness, "their immigration history, criminal record, potential threat to public safety, flight risk, and national security concerns"), https://www.ice.gov/coronavirus (follow detention link) (last visited Feb. 25, 2022). Contrary to the government's contention, uncertainties related to defendant's immigration status do not weigh against reducing defendant's sentence to time served. See United States v. Azianbidji, No. 17-CR-00253-PWG, 2021 WL 307416, at *5 (D. Md. Jan. 29, 2021) ("This Court joins with others in ruling that the mere presence of detainers does not require the denial of a motion for compassionate release." (collecting cases)). If she is released from custody and/or not deported, defendant plans to reside in the home she owns in Wilson, North Carolina with her adult daughter and work in the family cleaning business, and she will also be on supervised release. (Mot., DE # 135, at 2 n.2; Reply, DE # 140, at 6.)

Considering all the circumstances, the court concludes that reducing defendant's sentence to time served will satisfy the goals of sentencing, including reflecting the seriousness of the

offenses, imposing just punishment, and deterring crime    Defendant's motions are ALLOWED. Defendant's sentence of imprisonment as reflected in the judgment dated 15 December 2011 (as amended by the 4 February 2016 order) is REDUCED to time served on all counts.   All other provisions of the 15 December 2011 judgment shall remain in effect.   The BOP may delay defendant's release up to 14 days for quarantine and/or administrative reasons, subject to any ICE detainer.

This 25 February 2022.

_____
W. Earl Britt
Senior U.S. District Judge